Dye, J.
The principal point raised on this appeal by permission is directed to the validity of the search warrant used in justifying the seizure of certain articles alleged to have been stolen and which were received in evidence over appellant’s objection and after the court had denied a pretrial motion to vacate the search warrant and to suppress the evidence.
The search warrant was issued by an Erie County Court Judge in reliance on an affidavit made by a police officer, which on its face stated facts sufficient to establish the existence of probable cause for believing that the defendant Rainey was committing the crimes of larceny and forgery at his residence located at 529 Monroe Street, Buffalo, New York. The affidavit described the residence of defendant as “ a wood frame building approximately 326.34 number of feet, north of Sycamore Street; is on the east side of Monroe Street.” The search warrant commanded a “ search of said entire premises * * * 529 Monroe Street in the City of Buffalo ”. The defendant controverts the warrant on the ground that it was constitutionally deficient for not ‘ ‘ particularly describing the place to be searched ” (N. Y. Const., art. I, § 12; U. S. Const., 4th Amdt.).
*37 The point is well taken. As a matter of fact — and known to the police officer, but not brought to the attention of the court at the time he obtained the warrant—the premises at 529 Monroe Street consisted of two separate residential apartments, the front apartment being occupied by the defendant Rainey and the rear apartment being occupied by one Mildred Allison, an innocent third person, and her infant daughter. A lean-to shed attached to the rear of the building was accessible from the Allison apartment by means of an inside door and by an outside street door at grade.
In executing the warrant, the police searched the entire building and its shed. In the Allison apartment, which was searched in her absence, the police found nothing. Mrs. Allison, who was visiting a neighbor, when told that the police were in her apartment, returned to it in time to see the police searching the shed which they had entered through the outside street door. In searching the shed, the police found and seized a check writer and a quantity of blank checks reported to have been stolen. Mrs. Allison makes no complaint as to the search of her apartment and, as a matter of record fact, she later signed a statement to the effect that she saw the police find some loose checks in the shed. In searching defendant Rainey’s apartment, the police found a typewriter and three checks drawn on the Alfred Wallpaper account. The articles thus found and seized were used in procuring the indictment and at the trial were received in evidence over defendant’s objection.
For purposes of satisfying the State and Federal constitutional requirements, the searching of two or more residential apartments in the same building is no different from searching two or more separate residential houses. Probable cause must be shown in each instance. While we are satisfied that probable cause existed for the search of defendant Rainey’s apartment, insofar as Mrs. Allison was concerned nothing was alleged against her. As a matter of conceded fact, she was at all times an innocent and law-abiding citizen, a circumstance known to the officer but for some reason not revealed in advance to the court. Nonetheless, a warrant for the search of her residence was obtained and commanded by the generality of the descriptive language “ said entire premises * * * 529 ”. This failure to fully inform the court neither justified the denial of the *38 motion to suppress nor the subsequent receipt in evidence, over defendant’s objection, of the things seized. It is to avoid “ a blanket search ” with its obvious interference with the innocent that the State and Federal Constitutions provide that “No warrants shall issue, but upon probable cause, * * * and particularly describing the place to be searched, and the persons or things to be seized ” (N. Y. Const., art. I, § 12; U. S. Const., 4th Amdt.).
The Federal courts have consistently held that in the absence of circumstances sufficient to satisfy fundamental requirements a search warrant so issued is void. The purpose of the requirement for particularity of description of the place and the person and things to be seized is to provide adequate means of identification which is not met by a generality commanding the search of an entire residential building when, as matter of fact, probable cause exists for the search of but a single residential space located therein (United States v. Hinton, 219 F. 2d 324 [C. A. 7th, 1955]; United States v. Barkouskas, 38 F. 2d 837 [U. S. Dist. Ct., M. D. Pa., 1930]). Conversely, warrants have been upheld which command the search of a single apartment at a given address occupied by the defendant, although there are other apartments occupied by other persons at the same address (United States v. Lepper, 288 F. 136 [U. S. Dist. Ct., W. D. N. Y., 1923]; Shore v. United States, 49 F. 2d 519 [C. A. D. C., 1931]; Kenney v. United States, 157 F. 2d 442 [C. A. D. C., 1946]). Nor is there any difficulty presented when the warrant commands the search of apartments respectively occupied by different persons, in a single building, and described with such particularity as to allow identification or any objection to the search of an entire building which is under lease to a single tenant (Steele v. United States, 267 U. S. 498). There is at least one case upholding a warrant where the outward appearance of the dwelling commanded to be searched answers the description of a single-family house and is so registered even though it had been secretly altered in contravention of local ordinances without permission (United States v. Santore, 290 F. 2d 51 [C. A. 2d, 1960], cert. den. 365 U. S. 834). In all these differing situations the validity of the search warrant depends on whether the showing, at the time of issuance, satisfies fundamental requirements as to the existence of probable cause and *39 whether description of the premises to be searched and the person or things to be seized satisfy basic requirements. The paramount concern, then, is what transpires at the issuance of the warrant and not what occurs thereafter. In this instance, the circumstance that Mrs. Allison, an innocent third party, does not complain because the police searched her apartment in her absence, under a patently defective warrant, furnishes no basis for holding that the search of the defendant’s apartment and the seizure of the articles found therein may be sustained. The warrant being void in its inception is void for all purposes, which in this instance includes the execution of its command against this defendant.
The judgment should be reversed and the indictment dismissed.
Chief Judge Desmond and Judges Fuld, Van Voorhis and Bergan concur with Judge Dye; Judges Scileppi and Burke dissent and vote to affirm.
Judgment reversed, etc.