■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MOHAMMED MABROUK, Respondent. [736 NYS2d 15] —Order, Supreme Court, Bronx County (Troy Webber, J.), entered on or about September 21, 2000, which, after a hearing, granted defendant's motion to controvert a search warrant and suppressed physical evidence seized pursuant to that warrant as well as a statement made to police, unanimously reversed, on the law, the motion denied and the matter remanded for further proceedings.

The basis for issuance of the search warrant was information received from a confidential police informant and an investigator from the recording industry that defendant was trafficking in counterfeit compact discs from the basement of 2114 Daly Avenue in the Bronx. Specifically, a registered police informant, who had been shown to be reliable in the past, told a certain Detective Rivera that he entered the basement and purchased the counterfeit discs from an individual named Mohammed, who was described and later identified as defendant. The informants described a grey metal entrance door to the basement behind which was a hallway with two white doors with cylinder locks leading off the hallway, one to the left and one straight ahead. They further told Detective Rivera that defendant lived behind the door to the left. As to whether anyone was living behind the other white door, "[t]he only thing they said about that door is that is the area where the compact discs were stored."

The hearing court aptly recognized this Court's holding, in *People v Otero* (177 AD2d 284, 285, *lv denied* 79 NY2d 862), that, if the police make a factual mistake and describe a place to be searched in broader terms than appropriate, the validity of the warrant turns on the information available to them when they acted. However, its finding that Detective Rivera was aware that there was at least one other "apartment" in the basement is misleading and unsupported by the evidence in the record.

Detective Rivera's affidavit in support of his application for the search warrant and the warrant itself described the premises to be searched as "a basement apartment of a multistory brick apartment building located at 2114 Daly Avenue." The hearing court, relying upon *People v Rainey* (14 NY2d 35), agreed with defendant's contention that the warrant was overbroad and did not adequately specify the area to be searched because the "basement apartment" actually consisted of three

separate living areas. However, unlike *People v Rainey* (*supra*), where the police officer requesting the warrant *knew*, but did not bring to the attention of the issuing court, that the premises to be searched consisted of two separate residential apartments, one occupied by the targeted defendant and the other occupied by an innocent third person, there is no evidence that Detective Rivera *knew* that the two rooms indicated on his pre-execution plan, which plan was not presented to the issuing court in support of his application for the search warrant, were separate apartments. In fact the evidence indicates the opposite.

The detective, who was the only witness presented, testified that such plan was based upon information from the registered informant who, unlike the detective, had actually been in the basement approximately two times and the recording industry investigator who had been in the basement once, but had been denied entry to the room where the compact discs were stored. However, even though his diagram indicated that, after entry into the basement through the grey outer door, the two rooms were accessed by separate white doors off the inner hallway, a third white door, immediately behind the grey door, which led to a separate room where a Mr. Singh lived, was not discovered until the warrant was executed. Detective Rivera had also checked with Con Edison and been told that there was only one apartment in the basement, which was designated as "B.R.R. basement right rear apartment." Significantly, the counterfeit compact discs, which were the subject of the search warrant, were found in that room as the registered informant had indicated.

Although the hearing court correctly stated that Detective Rivera was "aware" of the layout of the basement, its conclusion that the detective was also aware that there was at least one other "apartment" in the basement is unsupported by the record.

Detective Rivera testified that he relied solely upon information gleaned from his informants and that he had never been in the basement prior to his application for the search warrant. He specifically testified that, as of the time he made his application, he did not believe that there was more than one apartment in the basement, although he knew there were separate white doors off the inner hallway. Thus, the information contained in the affidavit in support of the warrant and the evidence at the hearing do not show that Detective Rivera knew or should have known that the two basement rooms described to him by his informants were separate apartments and not a

single two-room apartment where defendant resided and stored the counterfeit compact discs. Moreover, there is no evidence in the record that the two separate rooms in question were in fact separate apartments or living units leased to anyone other than defendant. Significantly, the room behind the third white door, where Mr. Singh lived, was not entered or searched. Concur—Williams, J.P., Andrias, Wallach, Lerner and Marlow, JJ.