People v Capers (2023 NY Slip Op 01011)

People v Capers

2023 NY Slip Op 01011

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-00233
 (Ind. No. 84/20)

[*1]The People of the State of New York, appellant,
v
Tyquawn Capers, respondent.
The People, etc., appellant,
v
Jerry Hyman, respondent.
The People, etc., appellant,
v Kareem Wynn, respondent.
The People, etc., appellant,
v Maurice Capers, respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Samuel Pellegrino of counsel), for appellant.
Garrett H. Sullivan, South Hempstead, NY, for respondent Tyquawn Capers.
Patricia Pazner, New York, NY (Celena L. Ditchev of counsel), for respondent Maurice Capers.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated December 1, 2020, which granted the defendants' motion to controvert a search warrant and to suppress physical evidence seized in the execution thereof, and dismissed the indictment.
ORDERED that the order is affirmed.
The defendants were charged with various controlled substance and weapons offenses following the execution of a search warrant at certain premises located in Queens. In the affidavit submitted in support of the search warrant application, a police officer described the "Subject Location," stating that "[t]he residence" consisted of "a two-story, two-family home," with a "right main entrance" and a "left main entrance," in which "[t]he right entrance opens up to a living room, a kitchen, and bedrooms at the residence," and "[t]he left entrance opens up to a set of stairs that lead up to a living room, a kitchen and bedrooms at the rear of the residence." This description of the place to be searched was repeated verbatim in the search warrant that was ultimately issued. The police officer's affidavit averred that there was reason to believe that firearms and ammunition, among other items, might be found at the subject premises, and the basis for that belief was information obtained from a confidential informant. The informant had visited the subject premises, where the defendant Jerry Hyman had "opened the right entrance door of the Subject Location, and [*2]led [the informant] inside" and showed the informant two firearms while the two men were in the living room. During the execution of the warrant, police officers recovered drugs, ammunition, and two firearms from the first floor of the premises, but recovered nothing from the second floor.
The defendants moved to controvert the search warrant and to suppress physical evidence seized in the execution thereof. In an order dated December 1, 2020, the Supreme Court granted the defendants' motion and dismissed the indictment. The People appeal.
The Fourth Amendment of the United States Constitution "provides that no warrants shall issue except those 'particularly describing the place to be searched, and the . . . things to be seized'" (People v Brown , 96 NY2d 80, 84, quoting US Const Amend IV; see NY Const, art I, § 12; People v Nieves , 36 NY2d 396, 400-402). In People v Rainey (14 NY2d 35), the Court of Appeals held that a search warrant was overbroad, in violation of the particularity requirement of the Federal and State Constitutions, since the warrant authorized the search of an entire residential building, even though the police officer who procured the warrant was aware that the building contained two separate apartments. The Rainey Court declared that the search warrant issued in that case was void, since the purpose of the constitutional particularity requirement is not satisfied "by a generality commanding the search of an entire residential building when, as matter of fact, probable cause exists for the search of but a single residential space located therein" (id. at 38; see United States v Hinton , 219 F2d 324, 326 [7th Cir] ["a warrant which describes an entire building when cause is shown for searching only one apartment is void"]).
In opposition to the defendants' motion in this case, the People argued that the search warrant was not overbroad because, based on information obtained by the prosecutor from the police officer who had signed the search warrant affidavit, all occupants of the subject building had access to all portions of the building, and thus the entire building constituted a single dwelling. In the alternative, relying on People v Hansen (38 NY2d 17), the People argued that the search warrant issued in this case was severable, since the police officer's affidavit and the warrant itself described two separate locations to be searched, namely, a first-floor unit and a second-floor unit, each having separate entrances, and since there was probable cause to search the first-floor unit, the evidence recovered from that area should not be suppressed. In the order appealed from, the Supreme Court determined that here, as in Rainey , there was no probable cause to search the second-floor apartment, which the informant had not entered, and therefore the warrant, which authorized a search of the entire building, "was void at its inception." The court further concluded that "the illegal portions of the warrant may not be severed."
On appeal, the People concede that the search warrant was overbroad, and contend solely that the Supreme Court erred in rejecting their alternative argument that the search warrant was severable.
In People v Hansen , the defendant moved to suppress evidence seized pursuant to a warrant authorizing the search of both a residence and a van that had been frequently seen at the residence. The Court of Appeals concluded that the affidavit upon which the warrant was issued established that there was probable cause to search the residence, but did not support a finding of probable cause to search the van. The Court of Appeals held that "where a search warrant authorizes searches of two separate target locations discretely described (here on the one hand a residence, immovable, and on the other an automotive van wherever located) authorization to search the one may be upheld if probable cause existed as to it even though it is determined that probable cause did not exist as to the other. If it is held that evidence recovered at the former location is admissible, while evidence found at the latter is inadmissible, the suppression ordered will be commensurate with the deficiency of probable cause" (People v Hansen , 38 NY2d at 21). Thus, the Court of Appeals concluded that the portion of the warrant authorizing the search of the van should be severed from the portion authorizing the search of the residence, that suppression of the evidence seized from the residence should be denied, and that suppression of the evidence seized from the van should be granted.
In this case, the People contend that the first-floor apartment and the second-floor [*3]apartment, like the places searched in Hansen , constitute "two separate target locations discretely described" (id. ), and thus the warrant can be deemed valid, and suppression denied, with respect to the search of the first-floor apartment, despite the lack of probable cause to search the second-floor apartment. This contention is without merit.
The Hansen Court admonished that "[w]e do not say that invalid portions of a warrant may be treated as severable in all or even most circumstances. We distinguish, for instance, those cases in which, in consequence of overbreadth of a single described area of search, the warrant must be struck down" (id. , citing People v Rainey , 14 NY2d 35). Unlike the warrant in Hansen , which authorized the search of two obviously separate places—a home and a vehicle—the language of the warrant in this case was ambiguous, and failed to clearly delineate whether it authorized a search of a single residence or two separate residences. The warrant did refer to the premises as a "two-family home," with a "right main entrance" that led to "a living room, a kitchen, and bedrooms," and a "left main entrance," which led to "a set of stairs that lead up to a living room, a kitchen and bedrooms," which may have suggested that the building contained two separate apartments. Yet, the warrant referred to the premises as the "Subject Location" and "the residence," and instead of using words like "apartment" or "unit," it referred to the rooms on the first floor as being "at the residence," and referred to the rooms on the second floor as being "at the rear of the residence."
In light of this ambiguity, a reviewing court could not determine that the warrant authorized the search of two separate places without impermissibly engaging in "retrospective surgery, dehors the language of the warrant, [to] cut away the illegal portions of the area to be searched and by judicially revised description save evidence recovered from a more narrowly limited area" (People v Hansen , 38 NY2d at 21). Unlike the bifurcated warrant in Hansen , which required the jurist issuing the warrant to make separate probable cause determinations relating to two entirely separate places, it is not at all clear in this case that the jurist who issued the warrant made separate probable cause determinations with respect to separate places, such that one determination could be accepted upon review and the other could be rejected.
Accordingly, the Supreme Court properly determined that severance of the warrant was not appropriate, and properly granted the defendants' motion to controvert the search warrant and to suppress physical evidence seized in the execution thereof.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court