People v Castano (2025 NY Slip Op 02601)

People v Castano

2025 NY Slip Op 02601

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DONNA-MARIE E. GOLIA, JJ.

2022-05192
 (Ind. No. 1784/18)

[*1]The People of the State of New York, respondent,
v
Brayan Castano, appellant.

Levitt & Kaizer, New York, NY (Zachary Segal and Richard Levitt of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Hilda Mortensen and David L. Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered June 13, 2022, convicting him of burglary in the second degree (seven counts), attempted burglary in the second degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's motion which was to controvert certain search warrants and to suppress evidence obtained in the execution thereof.
ORDERED that the judgment is affirmed.
The defendant's contentions that his convictions on counts 1, 3, 4, 5, and 6 were not supported by legally sufficient evidence and were against the weight of the evidence are without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's guilt on those counts beyond a reasonable doubt. All of the burglary counts "shared sufficiently distinctive circumstances to establish a modus operandi and, therefore, the evidence of the defendant's commission of each crime could be considered as evidence of his identity as the perpetrator of the other crime" (People v Dingle, 147 AD3d 1080, 1080). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contentions, the search warrants issued with respect to the defendant's cell phones and GPS device were neither overbroad nor lacking in sufficient particularity (see People v Brown, 96 NY2d 80; People v Capers, 213 AD3d 947; People v Williams, 187 AD3d 1222).
The trial court properly charged the jury with respect to "multiple separate transactions of same crime" (CJI2d[NY] Multiple Separate Transactions of Same Crime, https://www.nycourts.gov/judges/cji/1-General/CJI2d.Multiple_Separate_Offenses.pdf [last accessed Apr. 14, 2025]), in light of the People establishing a "unique" modus operandi with respect to the subject burglaries (People v Beam, 57 NY2d 241, 253; see People v Dockery, 215 AD2d 497, 498).
CHAMBERS, J.P., CHRISTOPHER, FORD and GOLIA, JJ., concur.

2022-05192 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Brayan Castano, appellant.
(Ind. No. 1784/18)

Motion by the respondent, inter alia, to strike stated portions of the appellant's reply brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated May 31, 2024, that branch of the motion which is to strike stated portions of the appellant's reply brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant's reply brief is granted to the extent that Point I(B)(2) of the appellant's reply brief is deemed stricken and has not been considered on the appeal, and that branch of the motion is otherwise denied.
CHAMBERS, J.P., CHRISTOPHER, FORD and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court