■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE JAMES HENLEY, Appellant.—Judgment unanimously reversed on the law and defendant's motions to suppress granted. Memorandum: The court erred in denying motions to suppress the physical evidence seized as a result of the execution of two search warrants on January 2, 1986 and June 3, 1986 respectively. Accordingly, defendant's conviction based upon his guilty plea of criminal possession of a controlled substance in the third degree must be reversed.

The search warrants both described the premises to be searched as a 2½-story single-family dwelling, brown in color, located on the east side of the street with a front door facing west. In fact, the premises was a multiple dwelling consisting of three separate unconnected living units, tan in color, and without a front door. Entry to the building was through a side door. Three separate mailboxes were mounted on the side of the building adjacent to the entrance door.

The Federal and State Constitutions require that warrants shall not issue except "upon probable cause * * * and particularly describing the place to be searched, and the persons or things to be seized" (US Const 4th Amend; NY Const, art I, § 12). Particularity is required in order that the executing officer can, with reasonable effort, ascertain and identify the place intended to be searched and the things authorized to be seized (People v Nieves, 36 NY2d 396, 401; People v Brooks, 54 AD2d 333, 335). The constitutional requirements will be satisfied if there is a nonconfusing description by which any officer executing the warrant could not be misled into searching any premises other than the particular premises occupied by the defendant (People v Sprague, 47 AD2d 510).

Generally, a warrant to search a subunit of a multiple occupancy structure is void if it fails to describe the subunit to be searched and only describes the larger structure (People v Rainey, 14 NY2d 35; People v Brooks, supra, at 335). For the purpose of satisfying the State and Federal constitutional requirements, the search of two or more residential apartments in the same building is no different than searching two or more separate houses (People v Rainey, supra, at 37). Where a warrant describes the place to be searched as the entire

premises, the fact that the officers execute it only against the proper subunit will not serve to sustain it *(People v Yusko,* 45 AD2d 1043, 1044). "Such restraint, commendable as it was, was imposed by the officers and not by the court [and t]he defect is that they were not *compelled* to so limit their search by the terms of the warrant (see *Katz v United States,* 389 U. S. 347, 356-357)". *(People v Yusko, supra, at 1044.)*

The search warrants here failed to satisfy the constitutional requirements. The subunit to be searched was neither identified by number or by naming its occupant *(see, People v De Lago,* 16 NY2d 289, *cert denied* 383 US 963; *People v Brooks, supra,* at 335; *People v Taggart,* 51 AD2d 863). The facts here are distinguishable from those in *United States v Santore* (290 F2d 51, *affd on reh en banc* 290 F2d 74, *cert denied* 365 US 834), the case upon which the People rely. In *Santore (supra),* the defendant resided in a second floor apartment of a two-family dwelling which had been converted from a single-family dwelling in contravention of local ordinance. The outward appearance of the structure, however, conformed to the description contained in the warrant.

Since the court's error in denying defendant's motions to suppress requires reversal, we do not reach the remaining issues raised by the defendant. (Appeal from judgment of Monroe County Court, Connell, J.—criminal possession of controlled substance, third degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.