THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHERRELL UNIQUE FULTON, Respondent. (Appeal No. 1.) [856 NYS2d 349]—

Memorandum: We conclude in these appeals by the People that County Court properly granted those parts of defendants' respective omnibus motions seeking suppression of the physical evidence seized pursuant to a search warrant. "Generally, a warrant to search a subunit of a multiple occupancy structure is void if it fails to describe the subunit to be searched and only describes the larger structure" (*People v Henley*, 135 AD2d 1136, 1136 [1987], *lv denied* 71 NY2d 897 [1988]; *see People v Brooks*, 54 AD2d 333, 335 [1976]; *see generally People v Rainey*, 14 NY2d 35, 37-39 [1964]). Here, although the investigating police officers possessed information concerning drug activity at a particular apartment within a multifamily dwelling, the warrant identified the areas to be searched as "the entire premises . . . , to include all its storage area[ ] and curtilage," and failed to identify the particular apartment by number or occupant (*see Henley*, 135 AD2d at 1137). Thus, the court properly concluded that the warrant failed to meet the constitutional requirements of particularity with respect to the description of the place to be searched (*see* US Const 4th Amend; NY Const, art I, § 12; *Henley*, 135 AD2d at 1136; *see generally Rainey*, 14 NY2d at 37-

39), as well as the statutory requirements of particularity (*see* CPL 690.15 [1] [a]; 690.45 [5]). Present—Hurlbutt, J.P., Smith, Centra, Green and Gorski, JJ.