# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

691

KA 11-00065

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                            MEMORANDUM AND ORDER

MICHAEL D. COOK, DEFENDANT-RESPONDENT.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Monroe County Court (Patricia D. Marks, J.), dated November 22, 2010.  The order, insofar as appealed from, granted that part of the omnibus motion of defendant seeking to suppress certain physical evidence.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law, that part of the omnibus motion to suppress certain physical evidence is denied, and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum:  The People appeal from an order granting that part of defendant's omnibus motion to suppress physical evidence seized from behind the storefront area of premises that were searched pursuant to a search warrant.  On August 26, 2009, a court issued a warrant authorizing the search of "1304 Dewey Avenue, Rochester, NY." The warrant application was obtained based upon information that defendant was producing counterfeit checks at that address.  Both the warrant and the application therefor identified the premises by setting forth the address and by describing the location in detail as, inter alia, "a business store front style building that has a predominantly glass front."  The items to be searched for and seized included "computers, . . . peripheral accessories . . . , software, data files, . . . disks, . . . or other computer storage media related to the making of, possession of Counterfeit Checks or counterfeit commercial instruments . . . as well as any and all check stock paper or paper used to produce checks and any computer software used in the production of checks."  The warrant was executed the same day it was issued and items described in the warrant were seized during the search.  Several officers involved in the warrant's execution testified at the suppression hearing that some of the evidence seized was found in a series of interconnected rooms located behind the

storefront area of the subject premises.

     We agree with the People that County Court erred in suppressing evidence seized from behind the storefront area of the property.  The Federal and State Constitutions provide that warrants shall not be issued except "upon probable cause . . . and particularly describing the place to be searched, and the persons or things to be seized" (US Const 4th Amend; NY Const, art I, § 12; *see People v Fulton*, 49 AD3d 1223, 1223-1224; *People v Henley*, 135 AD2d 1136, 1136, *lv denied* 71 NY2d 897).  "Particularity is required in order that the executing officer can reasonably ascertain and identify . . . the persons or places authorized to be searched and the things authorized to be seized" (*People v Nieves*, 36 NY2d 396, 401).  Nevertheless, that "does not mean that hypertechnical accuracy and completeness of description must be attained but rather, [it means] from the standpoint of common sense . . . that the descriptions in the warrant and its supporting affidavits [must] be sufficiently definite to enable the searcher to identify the persons, places or things that the [court] has previously determined should be searched or seized" (*id.*).

     We agree with the People that the warrant sufficiently described the premises to be searched (*see generally Nieves*, 36 NY2d at 401).  Although "a warrant to search a subunit of a multiple occupancy structure is void if it fails to describe the subunit to be searched and . . . describes [only] the larger structure" (*Henley*, 135 AD2d at 1136), here the series of interconnected rooms were not "subunits," but were instead part of the single rental unit comprising 1304 Dewey Avenue.  Moreover, we conclude that the purpose of the language in the warrant describing the property as a "business store front style building" was to identify and describe the premises; that language was not intended to limit the scope of the search to only the storefront area of the premises.  Thus, the officers executing the warrant did not exceed the scope of the warrant by seizing items from the rooms behind the storefront area.  Contrary to the court's conclusion, the hearing testimony established that the areas where items were seized, although separate from the storefront area, were part of the property authorized to be searched (*see generally People v Marshall*, 13 NY2d 28, 32-33; *People v Brito*, 11 AD3d 933, 935, *appeal dismissed* 5 NY3d 825; *People v Watson*, 254 AD2d 701, 701, *lv denied* 92 NY2d 1055; *People v Santarelli*, 148 AD2d 775, 775-776).  We therefore reverse the order insofar as appealed from and deny defendant's omnibus motion to the extent that it sought suppression of physical evidence seized from behind the storefront area.

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court