Judgment, Supreme Court, New York County (Lewis Bart Stone, J., at motion to controvert warrant; Thomas Farber, J, at plea and sentencing), rendered October 5, 2010, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him to a term of seven years, unanimously affirmed.
The court properly denied defendant’s motion to controvert a search warrant. Defendant argues that the warrant application, describing two drug sales made, by a person other than defendant, at the doorway of an apartment, failed to provide probable cause to search the apartment, even if there was probable cause to search the person of the alleged seller. However, defendant did not preserve that particular claim, and the motion court did not “expressly decide[]” (CPL 470.05 [2]) that issue (see People v Turriago, 90 NY2d 77, 83-84 [1997]; see also People v Colon, 46 AD3d 260, 263 [2007]). Accordingly, we decline to review this claim in the interest of justice.
As an alternative holding, we find that the warrant was properly issued, since there was reasonable cause to believe that evidence of a crime would be found in the apartment (see People v Pinchback, 82 NY2d 857 [1993]). It is a logical inference that a person who, on separate occasions, responds to a knock at an apartment door and sells drugs to a stranger is involved with a drug operation being conducted out of that apartment, and it is also a logical inference that a supply of drugs is likely to be found somewhere therein. Probable cause does not require proof *594 beyond a reasonable doubt (Brinegar v United States, 338 US 160, 175 [1949]; People v Bigelow, 66 NY2d 417, 423 [1985]).
We perceive no basis for reducing the sentence.
Concur— Tom, J.E, Friedman, Sweeny, Saxe and Freedman, JJ.