OPINION OF THE COURT
Steven L. Barrett, J.
On November 16, 2013, defendant was arrested and charged in a felony complaint with attempting to kidnap and compel then 14-year-old T.C. to engage in prostitution.[1] Incident to defendant’s arrest, an Apple iPhone 4 was seized from his person. Later that evening, at 8:30 p.m., a Judge of the Criminal Court signed a search warrant that authorized the search of the contents of the seized cell phone (search warrant B371-2013), as well as a search warrant that authorized the search of the premises where the incident took place — 1995 Davidson Avenue, apartment B2 (search warrant B372-2013).
*320 Search Warrant B371-2013
In pertinent part, this search warrant authorizes law enforcement to search the cell phone seized from defendant at the time of his arrest and to acquire:
“any and all numbers, text messages (SMS), picture messages (MMS) and direct connect contained within said cellar telephone which are believed to have been used in furtherance of the attempted kidnaping of T.C., and any and all evidence tending to establish ownership of the cellular telephone and connect persons to said cellular telephone.”
The affidavit attached thereto, sworn by Police Officer Johnny Chalen, states that defendant first met T.C. in September 2013 in an online chat room, that they exchanged text messages on their respective cell phones, that on November 16, 2013, they met in person at defendant’s apartment at 1995 Davidson Avenue, and that while inside defendant’s apartment, defendant asked T.C. to work as a prostitute and showed her photos of male clients that were stored on his computer. When T.C. refused defendant’s entreaties, defendant placed a gun to her head and did not allow her to leave the apartment. (See aff of Police Officer Chalen ¶¶ 5-7.) Pursuant to this search warrant, Police Officer Jonathan Reifer of the New York City Police Department, Computer Crime Squad searched the contents of the seized cell phone utilizing forensic software that extracts data from cell phones and converts it into a format readable to a layperson. It is uncontested that all of the text messages, chat logs, emails, locations, images and video that were contained on the cell phone were recovered from it. (See exhibits C, D attached to defendant’s motion.) It is also uncontested that, although the forensic software permitted a trained user to limit the search of the cell phone by key word, date, time, and type of file, no such limitations were utilized by Officer Reifer. Included in what was recovered from this cell phone are conversations between defendant and his male clients about T.C. and conversations between defendant and T.C. (See People’s mem of law at 5.) In addition, almost all of the text and picture messages recovered from this cell phone relate to defendant’s escort business. These include voluminous communications between defendant and male clients and defendant and other sex workers, regarding prices, locations, and sex acts, as well as numerous photographs of sex workers that were sent to male clients. (See People’s mem of law at 9-10.)
*321 Defendant moves to controvert this search warrant on the ground that the search of the entire contents of defendant’s cell phone exceeded the scope of the warrant. Defendant claims that because the search warrant authorized only the search of defendant’s cell phone for evidence related to the attempted kidnaping of T.C., to satisfy the Fourth Amendment it was incumbent upon the executing officer to utilize the forensic software to limit his search to the date and time of the offense, or to limit his search using as search terms T.C.’s name and phone number. (See defendant’s motion, affirmation of Sidney Thaxtor ¶ 27.) Defendant further contends that because his Fourth Amendment rights were violated, “blanket” suppression of all the evidence recovered from defendant’s cell phone is required. (See defendant’s motion, affirmation of Sidney Thaxtor ¶¶ 28-30.) For the following reasons, defendant’s motion to controvert search warrant B371-2013 is denied.
The Fourth Amendment to the United States Constitution and section 12 of article I of the New York State Constitution speak with one voice in requiring that search warrants “particularly describte] the place to be searched, and the persons or things to be seized.” Particularity is required to protect against “wide-ranging exploratory searches unsupported by probable cause” (see United States v Rosa, 626 F3d 56, 61 [2d Cir 2010] [internal quotation marks omitted]); however, it does not require an issuing court to “set forth precisely the procedures to be followed by the executing officers.” (Dalia v United States, 441 US 238, 258 [1979]; see also United States v Grubbs, 547 US 90, 97-98 [2006] [“nothing in the language of the Constitution . . . suggests that. . . search warrants . . . must include a specification of the precise manner in which they are to be executed”].)
This is especially true with respect to searches of the contents of computers, cell phones and other electronic devices, where courts have developed a flexible approach with respect to the execution of search warrants. Rather than require law enforcement to utilize specific search protocols or minimization undertakings as basic predicates for upholding digital search warrants, many courts have afforded law enforcement leeway in searching computers for incriminating evidence within the scope of materials specified in the warrant. (See e.g. United States v Metier, 860 F Supp 2d 205, 214 [ED NY 2012]; United States v Graziano, 558 F Supp 2d 304, 317 [ED NY 2008] [collecting cases].) This is so because there is no way for law *322 enforcement to know in advance how a criminal may label or code his computer files and/or documents which contain evidence of criminal activities. (United States v Graziano, 558 F Supp 2d at 315.) Therefore, to follow defendant’s invitation and to require courts in advance to restrict the computer search to certain methodologies or terms would give criminals the ability to evade law enforcement scrutiny by utilizing coded terms in their files or documents, or placing such documents in areas of the computer that would not normally contain such files/documents. (id.) Thus, by necessity government efforts to locate particular files will require examining many other files to exclude the possibility that the sought after data are concealed there. (See United States v Galpin, 720 F3d 436, 447 [2d Cir 2013]; see also United States v Riley, 906 F2d 841, 845 [2d Cir 1990] [allowing some latitude with respect to examining records to determine if they fall with those described in the warrant simply recognizes the reality that few people keep documents of their criminal transactions in a folder marked “drug records”].) Finally, it is axiomatic that in executing a search warrant, law enforcement officers may properly seize an item in “plain view” if they find the item in a place where one reasonably would have expected to look while searching for an object particularly described in the warrant. (See People v Brown, 96 NY2d 80, 89-90 [2001] [of course there are limits in this regard as “(t)he police . . . may not open dresser drawers searching for a stolen piano”].)
Applying these legal principles to the warrant at issue, it is plain that both the warrant on its face and the concomitant search by Officer Reifer pass constitutional muster. Initially, the court notes that in a decision dated February 27, 2015, after examining the warrant, the affidavit and sworn testimony thereto, the court ruled that this warrant was properly issued upon a finding of probable cause.[2] Moreover, the warrant on its face was sufficiently specific in that it identified: (1) a specific offense for which the police had established probable cause (the attempted kidnaping of T.C.); (2) the place to be searched (defendant’s cell phone); and (3) the items to be seized (numbers, text messages, picture messages, etc.) by their relation to the designated crime (the attempted kidnaping of T.C.). (See United States v Galpin, 720 F3d at 445-446.) Thus, Officer *323 Reifer plainly was authorized to search the contents of defendant’s cell phone for evidence in relation to T.C., and all of the evidence recovered from the cell phone in relation to T.C. clearly fell within the scope of the warrant. Similarly, all of the evidence that was recovered that established ownership of the phone clearly fell within the scope of the warrant. With respect to the evidence recovered that related to defendant’s escort business, although these items were not specified in the warrant as items to be seized, because of the latitude conferred upon executing officers in searching computers and cell phones, Officer Reifer had the right to recover such files and to open them.[3] (See Matter of a Warrant for All Content and Other Info. Associated with the Email Account xxxxxxxgmail.com Maintained at Premises Controlled by Google, Inc., 33 F Supp 3d 386 [SD NY 2014]; United States v Graziano, 558 F Supp 2d at 317; United States v Fumo, 2007 WL 3232112, 2007 US Dist LEXIS 80543 [ED Pa, Oct. 30, 2007, No. 06-319]; United States v Scarfo, 180 F Supp 2d 572 [D NJ 2001].) And, because the incriminating character of the items related to defendant’s escort business were immediately apparent, the executing officer had the right to seize them. (See People v Brown, 96 NY2d at 89.) Accordingly, defendant’s motion to controvert this search warrant is denied.
Search Warrant B372-2013
As stated above, this warrant authorized the search of the apartment where the November 16, 2013 incident with respect to T.C. allegedly took place. Specifically, the warrant states:
‘You are hereby authorized and directed to search the premises at 1995 Davidson Avenue, Apartment B2, Bronx, NY, and to seize the following property unlawfully possessed, to wit: one (1) firearm holster, three (3) rounds of ammunition, firearms, computer equipment and related paraphernalia including but not limited to hard drives, flashdrives, compact discs and dvds, recording cameras and related equipment, any pornographic material, condoms, sexual instruments used for sexual gratification *324 and evidence tending to establish ownership of the premises of the premises and connect persons found therein to the premises, to wit: personal papers and effects. You are further authorized and directed to search the contents of any computer equipment and related paraphernalia including and not limited to hard drives, flash drives, compact discs and dvds, recording cameras and related equipment and pornographic material seized.”
The warrant was supported by the affidavit of Police Officer Chalen, which included the same averments as those in his affidavit attached to search warrant B371-2013. Pursuant to the search warrant, the police seized from the above apartment: a firearm holster, three rounds of ammunition, nine cell phones, two Samsung tablet computers, one iPad, three computer towers, one Wi-Fi router, one camera and five USB drives. Also, pursuant to this warrant, the police conducted complete searches, without restriction, of the computers and cell phones utilizing forensic software, and provided all data and files contained on the electronic devices to the assigned prosecutors in a format readable by a layperson. (See People’s answering affirmation, exhibit 3; defendant’s motion to controvert, appendix A.) The evidence recovered from these devices included copious amounts of images of nude or scantily-clad women and teenage girls that appear to have been taken inside of defendant’s apartment. (See People’s mem of law at 10.)
With respect to this search warrant, the court agrees with defendant that this warrant lacked the requisite specificity to allow for a tailored search of defendant’s electronic media. Unlike search warrant B371-2013, on its face, search warrant B372-2013 authorized a general search of defendant’s electronic devices as it failed to link the evidence sought on defendant’s cell phone and computers and the criminal activity supported by probable cause.[4] As a result, the portion of the warrant that authorized the search of the computers, cell phones and other electronic devices seized from the apartment violated the Fourth Amendment’s proscription against general searches. *325 (See United States v Galpin, 720 F3d at 448; United States v Rosa, 626 F3d at 62.)
The People’s reliance on People v Nieves (36 NY2d 396, 401 [1975]) to argue that any defect in the search warrant may be cured by reference to its supporting documents, which make clear that the searches of the electronic devices were limited to gathering evidence in connection with the attempted kidnap-ing of T.C. and defendant’s escort business, is misplaced. This is so because to the extent that Nieves permits the consideration of unincorporated supporting documents to cure an otherwise defective search warrant, it has been abrogated by the Supreme Court’s decision in Groh v Ramirez (540 US 551 [2004]). In addressing whether the supporting documents could save a search warrant which was facially defective, the Court stated that “[t]he fact that the application adequately described the things to be seized does not save the warrant from its facial invalidity” because the Fourth Amendment “by its terms requires particularity in the warrant.” (Id. at 557 [emphasis omitted].) Because this court may no longer rely on unincorporated supporting documents to cure an otherwise defective search warrant, with respect to the search of the electronic devices, the warrant fails for lack of particularity.
This, however, does not end the inquiry as it is now settled law that when a search warrant is partially but not wholly invalid, only the fruits of the invalid portion need be suppressed. (See People v Brown, 96 NY2d at 85.) Here, in addition to the unparticularized directive with respect to the electronic devices, the warrant particularly authorized the seizure of a firearm, a firearm holster, ammunition, and other nonelectronic items. Because the warrant was specific with respect to these items and because their seizure was supported by probable cause,[5] the court finds that the constitutionally infirm authorization with respect to the electronic devices may be severed from the remainder of the warrant. (Id. at 86-88.) Thus, the evidence seized pursuant to the search of the electronic devices is suppressed, and the evidence seized (the holster, ammunition, and other nonelectronic items) pursuant to the valid portion of the warrant may be admitted. Accordingly, defendant’s motion to controvert search warrant *326 B372-2013 is granted in part and denied in part, in accordance with this decision.[6]

. Indictment No. 656/14 charges defendant with multiple counts of sexual abuse in the first degree, attempted criminal sexual act in the first degree, attempted promoting prostitution in the second degree, attempted sex trafficking, criminal possession of a weapon in the fourth degree and related charges in connection with his conduct with respect to T.C. In addition the court has granted the People’s motion to consolidate indictment No. 3153/14 with indictment No. 656/14. Indictment No. 3153/14 charges defendant with sexual abuse in the first degree, sex trafficking and related charges in connection with his conduct with respect to then 17-year-old S.W. Defendant also stands separately indicted under indictment No. 1195/14 which charges him with attempted rape in the first degree and related charges in connection with his conduct with respect to C.S. For the purpose of publication, only the initials of the victims are used to identify them.

. In addition, the court denied defendant’s motion for a Darden hearing because the warrant application was not based upon information supplied by a confidential informant.

. Indeed, had the issuing court restricted the search of defendant’s cell phone to T.C.’s name or the date of the incident, the executing officer would not have recovered significant evidence which clearly fell within the scope of the warrant, as defendant referred to T.C. by names or words other than her actual name, and communicated with her and about her on dates other than the incident date. {See People’s mem of law at 7-8.)

. A secondary question that the court need not address is whether the warrant authorized the seizure of cell phones recovered in the apartment as encompassed by the authorization to seize computer equipment and related paraphernalia. Of course, in drafting warrants, prosecutors and law enforcement officers should be as specific as possible with respect to the items to be seized.

. In a decision dated February 27, 2015, this court ruled that this warrant too was properly issued upon a finding of probable cause.

. Defendant’s motion to controvert search warrant B198-2014 is denied as moot based upon the People’s representation that they do not intend to introduce any evidence seized pursuant to this warrant.