■ The People of the State of New York, Respondent, v Abraham Danclair, Appellant. [30 NYS3d 554]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered June 27, 2013, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.

The court properly denied defendant's motions to controvert the search warrant that led to the recovery of drugs and weapons from the single-family private dwelling where defendant lived.

The warrant described the premises to be searched with sufficient particularity, and since there was only one dwelling unit, there is no merit to defendant's argument that the warrant was required to specify the part of the house to be searched (*see People v Cook*, 108 AD3d 1107 [4th Dept 2013], *lv denied* 21 NY3d 1073 [2013]). Regardless of the fact that a 1962 certificate of occupancy permitted the location to be configured as a two-family house, and regardless of how it might have been configured at some point in the past, the warrant affidavit and the testimony presented at a hearing on one of defendant's motions to controvert established that the house was configured as a single-family dwelling. Among other things, there was a single front door and a single kitchen.

The warrant was supported by probable cause, based on information provided by two informants. As to each informant, both prongs of the test derived from *Aguilar v Texas* (378 US 108 [1964]) and *Spinelli v United States* (393 US 410 [1969]) were satisfied, and defendant's arguments to the contrary are unavailing. Concur—Tom, J.P., Saxe, Richter, Gische and Webber, JJ.