People v Madigan (2019 NY Slip Op 00999)





People v Madigan


2019 NY Slip Op 00999


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


47 KA 17-00929

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOUGLAS J. MADIGAN, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered July 7, 2016. The judgment convicted defendant, upon a jury verdict, of possessing a sexual performance by a child (eleven counts) and promoting a sexual performance by a child (eleven counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of 11 counts of possessing a sexual performance by a child (Penal Law § 263.16) and 11 counts of promoting a sexual performance by a child (§ 263.15). The conviction arises from an investigation in which the police discovered that the IP address associated with defendant's Internet provider subscription had been used to share child pornography via peer-to-peer software and, upon executing a search warrant, found such content on an external hard drive located in a camper on defendant's property. We affirm.
Defendant contends that County Court erred in refusing to suppress evidence seized from his property because the police exceeded the scope of the search warrant by searching the camper. We reject that contention. The Federal and State Constitutions provide that warrants shall not be issued except "upon probable cause . . . and particularly describing the place to be searched, and the persons or things to be seized" (US Const 4th Amend; NY Const, art I, § 12; see People v Cook, 108 AD3d 1107, 1108 [4th Dept 2013], lv denied 21 NY3d 1073 [2013]). Although "[p]articularity is required in order that the executing officer can reasonably ascertain and identify . . . the persons or places authorized to be searched and the things authorized to be seized[,] . . . hypertechnical accuracy and completeness of description" in the warrant is not required (People v Nieves, 36 NY2d 396, 401 [1975]; see People v Williams, 140 AD3d 1526, 1527 [3d Dept 2016], lv denied 28 NY3d 1076 [2016]; People v DeWitt, 107 AD3d 1452, 1453 [4th Dept 2013]). Contrary to defendant's contention, we conclude that the police did not exceed the scope of the search warrant inasmuch as the camper was included in the description of the places authorized to be searched (see People v Schaefer, 163 AD3d 1179, 1181 [3d Dept 2018], lv denied 32 NY3d 1007 [2018]; Cook, 108 AD3d at 1108-1109; cf. People v Caruso, 174 AD2d 1051, 1051 [4th Dept 1991]).
We also reject defendant's further contention that reversal is required because he did not waive on the record his constitutional right to testify. "Although there is a fundamental precept that a criminal defendant has the right to testify in his or her own defense guaranteed by the Federal and State Constitutions . . . , it is well settled that, ordinarily, the trial court does not have a general obligation to sua sponte ascertain if the defendant's failure to testify was a voluntary and intelligent waiver of his [or her] right" (People v Pilato, 145 AD3d 1593, 1595 [4th Dept 2016], lv denied 29 NY3d 951 [2017] [internal quotation marks omitted]; see People v Fratta, 83 NY2d 771, 772 [1994]; People v Mauricio, 8 AD3d 1089, 1090 [4th Dept 2004], lv denied 3 [*2]NY3d 678 [2004]). Contrary to defendant's contention, we conclude that this case "does not present any of the exceptional, narrowly defined circumstances in which judicial interjection through a direct colloquy with the defendant [would] be required to ensure that the defendant's right to testify is protected" (Pilato, 145 AD3d at 1595 [internal quotation marks omitted]).
Finally, we reject defendant's contention that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see People v Henry, 166 AD3d 1289, 1290-1292 [3d Dept 2018]; People v Yedinak, 157 AD3d 1052, 1055-1056 [3d Dept 2018]; People v Tucker, 95 AD3d 1437, 1438-1440 [3d Dept 2012], lv denied 19 NY3d 1105 [2012]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court