People v Duval (2019 NY Slip Op 08542)





People v Duval


2019 NY Slip Op 08542


Decided on November 26, 2019


Appellate Division, First Department


Tom, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr.,J.P.
Judith J. Gische
Peter Tom
Ellen Gesmer
Anil C. Singh, JJ.


2166/12 9262 

[*1]The People of The State of New York, Respondent,
v
Drury Duval, Defendant-Appellant.



Defendant appeals from the judgment of the Supreme Court, Bronx County (Steven Barrett, J. at motion; Alvin M. Yearwood, J. at plea and sentencing), convicting defendant, of criminal possession of a weapon in the third degree, and imposing sentence.




Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Waleska Suero Garcia and Peter D. Coddington of counsel), for respondent.



TOM, J.


Since the warrant in this case adequately described the location to be searched, we uphold the issuance and execution of the warrant and the subsequent search and seizure of the contraband. The warrant was supported in part by testimony and evidence that is available for our in camera review but that is sealed, and, for this reason, will only partially be itemized herein.
On June 29, 2012, at about 6:30 p.m., Police Officer John Toscano executed a search warrant on a private residence on East 211th Street in the Bronx. The items seized included a .45 caliber semi-automatic handgun, seven boxes of .45 caliber and .357 caliber live rounds, a stun gun, two air pistols, a carbon dioxide cartridge canister, two machetes, and marijuana that were taken from, variously, defendant's closet and a nightstand drawer, and fireworks and explosives taken from the living room. Defendant was arrested simultaneously with the seizure of the contraband.
Defendant was indicted for criminal possession of a weapon in the second degree and [*2]lesser related counts. Defendant moved to controvert the search warrant and suppress the physical evidence on the basis, inter alia, that the warrant failed to specify which unit in the residence was the target of the warrant or the items that police expected to seize. The People produced for in camera review evidence that had been submitted in support of the warrant. Bronx County Supreme Court (Steven Barrett, J.) found that the warrant satisfied the particularity requirement of the Fourth Amendment to the United States Constitution and article I, § 12 of the New York Constitution in that it sufficiently identified the premises to be searched and the property to be seized. The court thereupon denied this branch of the suppression motion.
Defendant subsequently moved to reargue on the basis that the court had not decided his request for disclosure of the materials submitted in support of the search warrant application. After reviewing the supporting materials in camera, the court found that on the basis of sworn testimony provided by an informant and the prosecutor's averments, disclosure of the informant's identity and statements would present a risk to the informant's life and would jeopardize future investigations, and that redaction of the materials was not feasible if the informant's identity were to be protected. On this basis, reargument was denied. Defendant subsequently pleaded guilty to criminal possession of a weapon in the third degree, and was sentenced, as a second felony offender, to a term of two to four years.
On appeal, defendant challenges the warrant on the basis that it identified the building as whole, rather than any individual unit, as the target of the search. The face of the warrant identified the premises to be searched as "[XXXX] EAST 211TH STREET, A PRIVATE RESIDENCE CLEARLY MARKED [XXXX]." The detective's affidavit in support described in detail how the residence came to be identified as the location where weapons would be found, and why police could conclude from information about its internal arrangements that it was the residence of a single family. Testimony by the detective and the confidential informant provided additional specific details.
Defendant, however, argues that reversal and suppression are required because the warrant on its face did not give adequate constitutional notice of which particular unit in the house would be searched. Defendant further argues that the motion court was not authorized to rely solely on materials not incorporated into the warrant to uphold its validity, pursuant to Groh v Ramirez (540 US 551 [2004]), a position adopted by the dissent. However, since that position does not comport with the facts of this case, Groh does not govern our analysis of either the order denying suppression or the facial validity of the warrant itself.
Groh was a Bivens (Bivens v Six Unknown Fed. Narcotics Agents, 403 US 388 [1971] [civil case brought under 42 USC 1983 wherein a person against whom a warrant was executed sued federal agent who prepared and executed the warrant on the basis that it was insufficiently particular, and the agent sought qualified immunity. As related by the Supreme Court, where the face of the warrant required itemization of the items to be seized, the agent simply described the house. In effect, no items were identified on the face of the warrant, which failed to meet the particularity requirement for a search warrant. Thus, the warrant was constitutionally defective, a defect that could not be cured by information available to the warrant judge that had not been incorporated into the warrant by reference or otherwise. However, the Supreme Court saliently, differentiated that context from one where items were only partially identified, or a few might have been misdescribed, with an adequate identification of other items to be seized. The Supreme Court characterized such omissions as possibly presenting a "mere technical mistake" (Groh, 540 US at 558) that did not deprive the target of the warrant adequate notice, in that case, of the items to be seized. Hence, Groh should not be construed to categorically invalidate a warrant that provides identifying details sufficient for constitutionally necessary notice purposes but nevertheless omits some details.
In this respect, defendant and the dissent overinterpret the application of Groh to these [*3]facts. On its face, the warrant was sufficiently specific as to the place to be searched, because it stated the address and described the premises as a "private residence," which to all appearances it was. The testimony describing the execution of the warrant as well as the nature of defendant's residence therein makes clear that the house was defendant's family home regardless of any reference in city tax records indicating different legal units. This was sufficient to authorize a search of the entire house.
Since the warrant herein was sufficiently particularized and not overbroad on its face, as was the case in Groh, the court could refute defendant's claim with additional materials in support of the warrant application, including the in camera materials. The record makes it amply clear that the house was used as a residence for defendant's family, consisting of defendant, his mother, and a young child. Defendant's mother was identified in city records as the sole owner of the house, and her affidavit reflected that she lived on the ground floor and defendant's bedroom was on the third floor. The house could be entered either through a front door or by a kitchen entrance off of the driveway, but these were not separate entrances to separate units. The side entrance entered into the kitchen, and the kitchen led directly into the living room. A bank check in defendant's name was found in the downstairs kitchen.
The dissent relies on allegations in defense counsel's affirmation to argue for a more differentiated internal living structure. However, since an attorney's affirmation is not evidence, the endeavor is unavailing. The dissent also relies on the affidavit submitted by defendant's mother to counter the position of the People that the house was a private family residence. In view of the obvious likelihood of a compelling personal interest motivating the mother, we also decline to accept this as reliable evidence in the effort to controvert the warrant and the additional material in the record.
The only indication that the house legally could have been occupied as separate units was in the extrinsic materials supplied by defendant in moving to controvert the warrant, consisting of public records showing that the house contained three units. However, the fact that city records reflected that the house could be occupied as three units for tax or zoning purposes does not require a conclusion that it was. There likely are numerous legal two- or three-family residential houses that remain occupied by single families. The classifications of these houses relate to tax or land use matters that have no necessary bearing on the facial validity of a warrant. In view of the evidence available to police and the warrant court and the notice provided by the warrant itself, it is hard to see how the dissent construes this understanding of city records to be a concession that the warrant was insufficiently specific. The adequacy of the notice provided on the face of the warrant in such cases will be governed by the facts of the case and the information available to the police officers who prepared the warrant and executed it. Those facts in this case do not provide a basis to controvert this warrant.
In any event, the suppression court had the opportunity to consider this evidence, along with the evidence submitted in camera by the People, and reasonably determined that the building in fact did not consist of multiple discrete units (see People v Danclair, 139 AD3d 541 [1st Dept 2016], lv denied 28 NY3d 928 [2016]). Hence, the dissent's reliance on the Fourth Department's decision in People v Fulton (49 AD3d 1223 [4th Dept 2008]), where the brief memorandum decision only indicates that, notwithstanding police information about drug selling in a specific apartment within what obviously was a multifamily dwelling, the overbroad warrant ostensibly allowed the entire building, along with its storage area and curtilage, to be searched, is misplaced. No further information is provided by that decision. In any event, the public records cited by defendant only established that multi-unit occupancy was a permissible use of the house, as reflected in its registration, not that it was so used at any particular time (see People v Danclair, 139 AD3d 541).
Accordingly, the judgment of the Supreme Court, Bronx County (Steven Barrett, J. at [*4]motion; Alvin M. Yearwood, J. at plea and sentencing), convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of two to four years, should be affirmed.
All concur except Gische and
Gesmer JJ. who dissent in an
Opinion by Gesmer, J.




GESMER, J. (dissenting)


I respectfully dissent. I would reverse and grant defendant's motion to suppress the evidence seized from his home, because the search warrant did not specify which apartment in the three-unit building was to be searched (see People v Rainey, 14 NY2d 35, 37-38 [1964]; People v Atkins, 154 AD3d 1064, 1068 [3d Dept 2017], lv dismissed 31 NY3d 981 [2018]), and that deficiency was not cured by reference to any other documents that could properly have been considered by the court (see Groh v Ramirez, 540 US 551, 557-558 [2004]).
In his motion to suppress, defendant presented appropriate documentation to make out his prima facie case that the warrant did not describe the location to be searched with sufficient specificity. The People submitted no documents to controvert defendant's allegations, but merely referred the motion court to the confidential documents submitted in support of the warrant application. After examining those materials, the motion court denied the motion. However, under Groh v Ramirez (540 US 551), it was error for the motion court to consider materials that were not incorporated into the search warrant to cure the deficiency in the warrant. Many trial court decisions have applied Groh in this context (see People v Covlin, 58 Misc 3d 996, 1003 [Sup Ct, NY County 2018]; People v Gabriel, 58 Misc 3d 1230[A], 2017 N.Y. Slip Op 51985[U], *3 [Sup Ct, NY County 2017]; People v English, 52 Misc 3d 318, 325 [Sup Ct, Bronx County 2016]). Since the People did not properly contest defendant's allegation that the building had three units, they conceded that the warrant was insufficiently specific (CPL 710.60[2][a]; see also People v Gruden, 42 NY2d 214, 216-217 [1977] [motions to suppress may be decided without a hearing unless papers raise a material dispute of fact]).
Background
On June 29, 2012, the People applied for a search warrant based on a written application and testimony. Bronx Supreme Court signed the requested search warrant, which authorized a search of a building in the Bronx, described only as "[XXXX] East 211th Street, a private residence." The warrant did not refer to or incorporate the materials submitted to the court. Police officers executed the warrant the same day, seized multiple items of contraband, and arrested both defendant and his mother. On July 20, 2012, the People filed an indictment against defendant. The case against his mother was dismissed on January 31, 2013.
In an omnibus motion dated February 18, 2013, defendant's trial counsel sought, as relevant here, to suppress "any and all evidence recovered pursuant to the People's search warrant on the grounds that the warrant is defective for failure to meet Constitutional requirements of particularity." The motion was based on defense counsel's sworn affirmation, in which he affirmed that the building was divided into three separate private residences. Specifically, [*5]counsel alleged that defendant's mother, the owner of the building, lived on the ground floor, an unrelated family lived on the second floor, and defendant lived on the third floor, with his fiancee and his two younger children. This affirmation was supported by three documents: 1) a deed showing that the building was owned by defendant's mother; 2) an excerpt from the website of the New York City Department of Housing Preservation and Development (HPD) showing that the building is owned by defendant's mother and that, as of the date of the search, it was registered with HPD as having three "A" units; and 3) an affidavit by defendant's mother stating that she lived on the ground floor and defendant lived on the third floor of the building.[FN1]
In opposition to defendant's motion, the People did not submit any sworn statement or documents to dispute defendant's factual claim that the building consisted of three separate units. Instead, they argued that the underlying search warrant materials, which the People had provided to the motion court for in camera review, demonstrated that the building did not "contain three separate apartments with unrelated tenants." The People further argued that, to the extent that there was any defect in the warrant's particularity, the defect could be cured by reference to the underlying search warrant materials.
Based on its review of the warrant, the supporting affidavit, and the minutes of the testimony taken before issuance of the warrant, the motion court denied defendant's motion to suppress. On defendant's motion to reargue, the court adhered to its original ruling, without addressing defendant's argument that the warrant's description of the location to be searched was not sufficiently particular. On October 14, 2015, defendant pleaded guilty to criminal possession of a weapon in the third degree, and on December 4, 2015, was sentenced to a term of two to four years of incarceration.[FN2]
Analysis
Under the Fourth Amendment to the United States Constitution and article I of the New York constitution, "[n]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized" (US Const Amend IV; see also NY Const, art I, § 12). The Court of Appeals has explained that "[t]o protect the right of privacy from arbitrary police intrusion, the core' of the Fourth Amendment, nothing should be left to the discretion of the searcher in executing the warrant" (People v Nieves, 36 NY2d 396, 401 [1975] [internal citation omitted]; see also People v Henley, 135 AD2d 1136 [4th Dept 1987], lv denied 71 NY2d 897 [1988]; People v Yusko, 45 AD2d 1043, 1044 [2d Dept 1974]). The particularity requirement " assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search'" (Groh, 540 US at 561).
Under New York law, the warrant's description of the place to be searched must be "by means of address, ownership, name or any other means essential to identification with certainty" (CPL 690.45[5]). A warrant "to search a subunit of a multiple occupancy structure is void [for lack of particularity] if it fails to describe the subunit to be searched and only describes the larger structure" (People v Fulton, 49 AD3d 1223 [4th Dept 2008]; see also People v Rainey, 14 NY2d [*6]at 37-38; People v Atkins, 154 AD3d at 1068; People v Henley, 135 AD2d 1136).[FN3]
The United States Supreme Court has held that "[t]he Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents" (Groh, 540 US at 557). In Groh, the Supreme Court determined that the challenged warrant was constitutionally invalid, and held that the Fourth Amendment's warrant clause requires particularity
"for good reason: The presence of a search warrant serves a high function,' and that high function is not necessarily vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection" (id. at 557 [internal citation omitted]).
Consistent with this principle, the Supreme Court held that a court considering whether a warrant passes constitutional muster may not consider anything outside the warrant's four corners. Therefore, the suppression court may only consider documents submitted in support of the warrant application if they were incorporated into the warrant by "appropriate words of incorporation" (id. at 558). Accordingly, Groh repudiated the practice, approved in the earlier cases of Nieves (36 NY2d at 401-402) and Rainey (14 NY2d at 36), under which a court determining a challenge to the specificity of a warrant could consider the unincorporated documents submitted in support of the warrant application (see People v Covlin, 58 Misc 3d at 1003; People v English, 52 Misc 3d at 325; United States v Zemlyansky, 945 F Supp 2d 438, 453 [SD NY 2013]).[FN4]
The majority nevertheless attempts to distinguish Groh, citing dicta in that case to support its conclusion that a warrant that "omits some details" may "possibly" be constitutionally adequate. The majority bases its conclusion on two theories. We disagree with both.
First, the majority finds that the warrant in this case was not facially inadequate, since it described the place to be searched as a "private residence." However, in order to be facially adequate, the warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized" (US Const Amend IV; NY Const, art I, § 12). The required specificity eliminates any potential for the searcher to exercise discretion (People v Nieves, 36 NY2d at 401) and "assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search" (Groh, 540 US at 561 [internal quotation marks omitted]). Here, since defendant alleged, and the People failed to rebut, that the building contained three separate private residences, the warrant necessarily required the searcher to exercise discretion in executing the warrant.
Second, the majority notes that the motion court could properly have considered "additional material in the record" to determine that the building was a de facto single unit, [*7]occupied as a single residence, rather than three separate units. However, none of the documents in the record supports such a finding.[FN5]
For example, the majority states that the building could be entered through a front door or a kitchen entrance on the first floor, and that there were not "separate entrances to separate units" from the outside of the building. However, neither the police report nor Officer Toscano's affidavit nor any other document in the record describes the entrance or entrances to the building [FN6]. Similarly, the majority notes that a check in defendant's name was found "in the downstairs kitchen." However, the police report states only that a check was "recovered from the kitchen area," without specifying the floor or otherwise describing the interior of the building as containing one unit with a single kitchen or multiple units with separate kitchens. Officer Toscano's affidavit does not refer to a check at all. To the extent that the majority relies on documents that were part of the sealed warrant materials, under Groh, neither the motion court nor this Court may consider those in determining the warrant's constitutionality, since they were not incorporated by reference into the warrant.
The majority cites only to People v Danclair (139 AD3d 541 [1st Dept 2016], lv denied 28 NY3d 928 [2016]) to justify the motion court's consideration of the warrant application materials to support the validity of the warrant. However, Danclair does not address Groh at all. In any event, we are constrained by the Supreme Court's holding in Groh that unincorporated warrant application materials may not be considered when deciding a suppression motion.
Since the motion court could not consider the warrant application materials, and the People presented no facts in their opposition papers to rebut defendant's prima facie showing that the warrant lacked sufficient specificity, the suppression motion should have been granted. Under CPL 710.60(1), a motion to suppress evidence
"must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds. Such allegations may be based upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated."
A court must summarily grant a motion to suppress evidence under CPL 710.60(2)(a) if "[t]he motion papers comply with [CPL 710.60(1)] and the people concede the truth of allegations of fact therein which support the motion." Where the People fail to contest defendant's allegations in support of a suppression motion, they are deemed to have conceded them (People v Gruden, 42 NY2d at 216-217). Indeed as the Court of Appeals stated, these procedures are "followed in connection with nearly every pretrial and posttrial motion made in a criminal action" (id. at 216).
Accordingly, I would reverse the denial of the suppression motion and remand for further proceedings.
Judgment Supreme Court, Bronx County (Steven Barrett, J. at motion; Alvin M. Yearwood, J. at plea and sentencing), sentencing him, as a second felony offender, to a term of two to four years, affirmed.
Opinion by Tom, J. All concur except Gische and Gesmer, JJ. who dissent in an Opinion by Gesmer, J.
Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK



Footnotes

Footnote 1:Contrary to the majority's statement, defendant's mother's affidavit does not state that "defendant's bedroom was on the third floor." Rather, it states that defendant "was living at [XXXX] East 211th Street, Third Floor, Bronx, NY."

Footnote 2:The People do not dispute that defendant's purported waiver of his right to appeal was invalid (People v Santiago, 119 AD3d 484 [1st Dept 2014], lv denied 24 NY3d 964 [2014]).

Footnote 3:The majority fails to acknowledge that our State's jurisprudence requires this.

Footnote 4:As the majority notes, Groh was a civil case. However, the constitutional principle enunciated by the Court in that case is applicable here. Accordingly, contrary to the majority's assertion, Groh does not permit a court considering the constitutionality of a search warrant to consider "the information available to the police officers who prepared the warrant and executed it" if, as here, those materials were not expressly incorporated in the warrant.

Footnote 5:The suggestion by the majority that Groh did not prevent the motion court from looking at the unincorporated warrant application materials because the warrant was sufficiently particular on its face does not clarify the issue; if the warrant were sufficiently particular on its face, there would have been no need to look at the underlying materials.

Footnote 6:The majority refers to "testimony describing the execution of the warrant." However, there is no such testimony in the record. The only description of the execution of the warrant in the record is in the police report and Officer Toscano's affidavit, both attached to defendant's motion papers.