# State of New York Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 10
The People &c.,
       Respondent,
    v.
Drury Duval,
       Appellant.

Hunter Haney, for appellant.
Paul A. Andersen, for respondent.
New York State Association of Criminal Defense Lawyers, amicus curiae.

WILSON, J.:

Defendant Drury Duval challenges the validity of a search warrant, the summary denial of his suppression motion, and the reasonableness of the manner in which the warrant was executed. We conclude that the search warrant was facially valid and that the

- 1 -

motion court did not abuse its discretion in denying, without a hearing, suppression of evidence obtained from the search. Mr. Duval's challenge to the execution of the search warrant is unpreserved for our review.

Officers searched Mr. Duval's residence and recovered, among other things, a handgun and ammunition. They conducted the search pursuant to a warrant issued that same day. The warrant authorized officers to search for and seize property including firearms, ammunition, and evidence relating to ownership of the premises and the purchase or sale of firearms, located at a specified street address for a "private residence clearly marked" with that street number.

Mr. Duval moved to controvert the search warrant and suppress the physical evidence seized, arguing that the warrant was "void for failing to meet constitutional requirements of particularity with respect to the description of the place to be searched" because it failed to identify any individual unit within the house, which Mr. Duval alleged was a multi-unit dwelling. Mr. Duval's counsel affirmed that the house contained three private residences, one on each floor, and offered three documents to support that factual assertion: a deed showing that the property was owned by Mr. Duval's mother, a record from the New York City Department of Housing Preservation and Development (HPD) website showing that the house had been registered with HPD as having three "A" units, and an affidavit from Mr. Duval's mother stating that on the date of the search, Mr. Duval "was living at" the specified address, "Third Floor, Bronx NY." Counsel also alleged that when police officers executed the search warrant, Mr. Duval's mother told the officers that

each floor was a private residence, and that when a resident of the second floor presented identification, the officers declined to search the second floor and proceeded to the third floor. In addition, Mr. Duval moved for disclosure of the search warrant application documents and, in the alternative, for a hearing "to challenge the validity of the warrant and underlying documents." In response, the People maintained that the house was a single residence without separate units, and that the warrant properly authorized a search of the entire residential address.

The motion court reviewed the information before the warrant court, which consisted of the affidavit and testimony of the detective who applied for the warrant, the testimony of a confidential informant, and the material provided by Mr. Duval. The court denied suppression without a hearing, holding that the warrant was properly issued upon a finding of probable cause and that "the warrant and the application comported with the constitutional and statutory particularity requirement." Mr. Duval moved for reargument, asserting that CPL 710.60 required the motion court to hold a suppression hearing; the court denied Mr. Duval's motion. Mr. Duval pleaded guilty to third-degree criminal possession of a weapon and was sentenced to 2 to 4 years' imprisonment.

The Appellate Division affirmed the judgment, upholding the denial of Mr. Duval's suppression motion (179 AD3d 62 [1st Dept 2019]). The Appellate Division, with two Justices dissenting, held that the warrant was sufficiently particularized on its face, and that the warrant application materials and Mr. Duval's submissions did not provide a basis to controvert the warrant. The majority concluded that the motion court "reasonably determined that the building in fact did not consist of multiple discrete units" (*id.* at 66).

The dissent contended that the denial of suppression should be reversed "because the search warrant did not specify which apartment in the three-unit building was to be searched . . . and that deficiency was not cured by reference to any other documents that could properly have been considered by the court," insofar as the U.S. Supreme Court's decision in *Groh v Ramirez* (540 US 551 [2004]) prevented consideration of supporting materials that were not incorporated by reference and attached to the warrant (*Duval*, 179 AD3d at 67 [Gesmer, J., dissenting]).  A dissenting Justice granted Mr. Duval leave to appeal (34 NY3d 1164 [2020]).

To begin, the warrant's description of the target premises satisfied the constitutional requirement that the warrant "particularly describ[e] the place to be searched" (US Const Amend IV; *see also* CPL 690.15 [1] [a], 690.45 [5]).  The warrant's description of the place to be searched as "a private residence," located at a unique, specified street address, was not facially deficient; given a commonsense reading, the warrant clearly commanded a search of "a" single residence, not a multi-unit building, at the marked street address.  Because the warrant was facially sufficient, the case does not implicate the U.S. Supreme Court's ruling in *Groh v Ramirez* that courts may not rely on documents not incorporated and attached to the warrant in order to provide particularity that the warrant, on its face, lacks (*see* 540 US at 557-558).  The motion court did not rely on the unincorporated warrant application materials to cure a facial deficiency in the warrant, which *Groh* forbids.  Rather, the court considered those materials for a different purpose—to determine whether the warrant's description of the place to be searched as a single private residence was supported by the information available to the detective who applied for the warrant and the court that

issued the warrant. Where Mr. Duval challenged the warrant on the ground that the building identified in the warrant actually comprised multiple residences, the motion court reviewed the documents supporting the issuance of the warrant to determine whether they established that the building was in fact a single residence, as described in the warrant. Thus, the motion court did not err by considering those materials when deciding Mr. Duval's motion.

To establish his entitlement to a suppression hearing, Mr. Duval was required to raise a question of fact as to whether, based on what the detective knew or should have known about the premises when the warrant was sought, the warrant's description of the target premises as a single residence was accurate. In *People v Rainey* (14 NY2d 35 [1964]), we held that a search warrant failed to meet the particularity requirement where it commanded a "search of said entire premises . . . 529 Monroe Street in the City of Buffalo," but in fact the premises "consisted of two separate residential apartments," *and* that fact was "known to the police officer, but not brought to the attention of the court at the time he obtained the warrant" (*id.* at 36, 37). In *Rainey*, the warrant was "void in its inception" because of the officer's actual knowledge of facts that rendered the warrant's description of the premises overbroad (*id.* at 39), a principle that would extend to invalidate a warrant where the applicant should have known, from reasonable investigation, that the warrant's description was overbroad (*see Maryland v Garrison*, 480 US 79, 85 [1987] [the validity of a warrant to search the third floor of a building turned on whether "the officers had known, or even if they should have known, that there were two separate dwelling units on the third floor," when they requested the warrant]). The instant case is different from

*Rainey* because the level of particularity in the warrant's description of the place to be searched matched the facts available to the detective and presented to the warrant court.

Here, in support of his suppression motion, Mr. Duval failed to proffer evidence suggesting that the building's outward appearance indicated that it was not a single-family residence. It had one street address, one front door, and one side door. To be sure, as we recognized in *Rainey*, a building's outward appearance will not always disclose its multi-residence use, and thus, depending on the circumstances, a reasonable officer may need to take further investigative steps to ensure that the requested warrant does not command an overbroad search.[1] Here, however, other information presented to the court about the inside of the building and its inhabitants further supported the conclusion that the building was a single-family residence. Accordingly, because the level of particularity provided in the warrant's description of the place to be searched (*i.e.* a single private residence at the given address) was both adequate on its face and supported by the information known to the detective and the warrant court, the warrant was valid when issued.

Under the circumstances presented here, the motion court did not abuse its discretion in denying suppression without a hearing because the factual allegations and

---

[1] When considering whether an officer made a reasonable investigation before applying for a warrant that turned out to be overbroad in its description of the place to be searched, the Appellate Division Departments and federal courts have considered, for example, whether the officer's investigation showed there were multiple utility accounts, multiple mailboxes, or multiple entrances to the building (*see e.g. People v Atkins*, 154 AD3d 1064, 1068-1069 [3d Dept 2017]; *People v Danclair*, 139 AD3d 541, 541 [1st Dept 2016]; *People v Fiore*, 46 AD2d 814, 814 [2d Dept 1974]), as well as whether the building's multi-dwelling use could not be ascertained from public records because it contravened the legal use of the building (*see e.g. People v Germaine*, 87 AD2d 848, 850 [2d Dept 1982]; *United States v Santore*, 290 F2d 51, 67 [2d Cir 1959], *cert denied* 365 US 834 [1961]).

records that Mr. Duval offered did not sufficiently support the legal basis for suppression asserted in his motion papers. CPL 710.60 permits summary denial of a suppression motion where the motion papers do not provide adequate "sworn allegations of fact" (CPL 710.60 [1]; *see also People v Mendoza*, 82 NY2d 415, 421 [1993]), or if the papers do not allege a legal basis for suppression or (with two exceptions not relevant here) if the sworn factual allegations "do not as a matter of law support the ground alleged" (CPL 710.60 [3]). Here, the motion court had discretion pursuant to the statute to deny suppression without a hearing on the ground that Mr. Duval's factual showing was insufficient to require a hearing.

In *People v Mendoza*, we held that a suppression motion's "factual sufficiency should be determined with reference to the face of the pleadings, the context of the motion and defendant's access to information" (82 NY2d at 422; *see also People v Jones*, 95 NY2d 721, 729 [2001]). Although Mr. Duval lacked access to the materials that were before the warrant court, he had ready access to information about the actual conditions of the premises at the time of the search, but failed to provide it in support of his suppression motion. For example, he, his mother, or any other resident of the premises could have provided sworn affidavits or other evidence as to the separateness of the alleged residences on the three floors; the existence of unrelated tenants on the second floor; the obviousness to a visitor that the building contained separate residences—such as allegations that each unit had separate locking entry doors—or a variety of other types of evidence plainly known to residents of the house. Instead, Mr. Duval tendered city records that purport to show that it would have been lawful to use the house as a three-family residence and an

affidavit from his mother, the owner of the house, saying merely that on the date of the search, "Drury Duval was living at" the specified address, "Third Floor, Bronx NY." None of the proffered materials show that the house was, in fact, divided into three separate residential units or that Mr. Duval did not reside in, or lacked access to, other portions of the house. Thus, Mr. Duval's submissions fail to meet the factual sufficiency required by *Mendoza*, particularly in view of Mr. Duval's easy access to evidence as to the actual configuration of the home. On this record, the motion court did not abuse its discretion in denying an evidentiary hearing. In any event, the Appellate Division concluded that the motion court "reasonably determined that the building in fact did not consist of multiple discrete units" (179 AD3d at 69). Because that finding has a basis in the record, we cannot disturb it.

Accordingly, the order of the Appellate Division should be affirmed.

Order affirmed. Opinion by Judge Wilson. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Feinman concur.

Decided February 11, 2021