People v Andino (2025 NY Slip Op 05478)

People v Andino

2025 NY Slip Op 05478

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Ind. No. 1029/17|Appeal No. 4842|Case No. 2018-04169|

[*1]The People of the State of New York, Respondent,
v
Reynaldo Andino, Defendant-Appellant.

Cleary Giottlieb Steen & Hamilton LLP, New York (Noopur Sen of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Heidi C. Cesare, J. at search warrant; Felicia A. Mennin, J. at suppression motion and motion to controvert; Kevin B. McGrath, Jr., J. at plea and sentencing), rendered February 27, 2018, convicting defendant of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent one year terms, unanimously affirmed.
Defendant's waiver of his right to appeal was invalid because the court did not adequately explain the nature of the appellate rights he was waiving, which were presented in the oral colloquy "as an automatic consequence of the plea" (People v Francisco, 171 AD3d 536, 537 [1st Dept 2019], lv denied 33 NY3d 1104 [2019]). As the People concede, the court's "oral explanation could have been understood to suggest that, simply by pleading guilty, defendant was giving up his right to make a Fourth Amendment challenge on appeal" and its limited advisements "did not sufficiently demonstrate to defendant that, he would normally have retained the right to have this Court review" his challenges to the court's decisions in connection with the search warrant "following entry of a guilty plea" (Francisco, 171 AD3d at 537). Additionally, the court did not confirm that defendant understood the written waiver he signed with counsel, "or even that he had read it" (People v Thorne, 207 AD3d 73, 77 [1st Dept 2022]).
Nevertheless, the court correctly denied defendant's motion to controvert the search warrant and to suppress the evidence seized from the target premises. Based on our review of the unredacted search warrant affidavit and the confidential informant's testimony, we find that the supporting affidavit clearly established probable cause to search the target premises (see People v Taylor,73 NY2d 683, 688 [1989]), and that the search warrant was not based on stale information (see e.g. People v Floyd, 220 AD3d 497, 497 [1st Dept 2023]; People v Freeman, 106 AD3d 590, 591 [1st Dept 2013], lv denied 21 NY3d 1073 [2013]). The warrant was not overbroad nor insufficiently particular (see generally People v Truelove, 238 AD3d 55, 62 [1st Dept 2025])). A search warrant limited to a single dwelling apartment is sufficiently particular on its face (see People v Gramson, 50 AD3d 294 [1st Dept 2008], lv denied 11 NY3d 832 [2008]; see also People v Duval, 36 NY3d 384, 391 [2021]), and "there is no merit to defendant's argument that the warrant was required to specify the part of the [apartment] to be searched" (People v Danclair, 139 AD3d 541, 541 [1st Dept 2016], lv denied 28 NY3d 928 [2016]).
Further, "[a]lthough defendant was not named in the search warrant," we find that the "common sense inferences to be drawn from his occupancy of a place of drug trafficking provided probable cause to believe that defendant was a participant in the drug operation conducted out of the apartment" (People v Henderson, 162 AD3d 517, 517 [1st Dept 2018], lv denied 32 NY3d 1111 [2018] [internal citations omitted]; see also People v Bundy, 90 NY2d 918, 920 [1997]). Thus, the court also "properly denied defendant's motion to suppress contraband recovered from his person" (People v Jackson, 44 AD3d 364, 364 [1st Dept 2007], lv denied 9 NY3d 991 [2007]).
Defendant's "generalized challenge[s]" to the search warrant in the motions filed failed to preserve the remaining arguments he made on appeal (People v Williams, 127 AD3d 612, 612 [1st Dept 2015], lv denied 27 NY3d 1009 [2016]; see also People v Graham, 25 NY3d 994, 997 [2015]), which were also not "expressly decided" by the motion court (CPL 470.05[2]; see also People v Vasquez-Mendez, 115 AD3d 593, 593 [1st Dept 2014], lv denied 23 NY3d 1026 [2014]). We decline to review defendant's unpreserved claims in the interest of justice. As an alternative holding, we find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025